# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-687-MOC-DCK

| | |
|---|---|
| GRAYSON O COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) |
| AGADIR INTERNATIONAL LLC, | ) |
| Defendant. | ) |

## CONSENT CONFIDENTIALITY ORDER

**THIS CAUSE** having come before the Court pursuant to Rule 26(c), upon the consent and agreement of the parties, and the Court having reviewed the nature of this dispute; been advised of the agreement of counsel; and being otherwise duly advised in the premises,

**IT APPEARING** that certain information and documents subject to discovery in these proceedings may contain trade secrets, proprietary information, or other personal or private confidential information,

**IT IS HEREBY ORDERED** that:

1. This Order shall govern the use, designation, and handling of all "Produced Information." As used in this Order, "Produced Information" means all documents, materials, discovery responses, testimony, tangible things, and other information provided in response to a formal discovery request made in connection with this action and all documents, materials, and other information provided by or obtained in connection with this action from any person who is subject

to a fiduciary duty, confidentiality agreement or other obligation to keep the documents, materials or other information confidential.

2. "Confidential Information" shall mean either: i) personal or private confidential information, which for purposes of this Order means social security numbers, tax payer identification numbers, date of birth information, medical information and financial account numbers; or ii) commercially sensitive information, which for purposes of this Order means information that is proprietary or constitutes a trade secret or is otherwise reasonably calculated to give a person an unfair business advantage in connection with the producing Party's business.

3. "Confidential Communication(s)" shall mean information by oral communication or deposition testimony that contains or discloses Confidential Information. Such designation as confidential need not be made at the time the information is procured.

4. "Documents" shall mean all written, recorded or graphic matter of any nature whatsoever, including, but not limited to: interrogatory answers served by any party to this action; responses to requests for admissions served by any party to this action; responses to requests for production served by any party to this action; documents produced by any party to this action to another party to this action, whether pursuant to formal discovery or by informal agreement (in such cases the party answering, responding or producing will be referred to as the "producing party"); documents produced by any third party; transcripts of and exhibits to depositions taken in this action; and any portions of any documents filed in this action which quote from or summarize any of the foregoing documents.

5. "Confidential Document(s)" shall mean any document(s) that is/are designated as "Confidential" or "Confidential – Attorneys Eyes Only" in writing, by the producing party or any other party, at the time of furnishing copies in connection with this action. Any document that

contains Confidential Information may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" at the option of the producing party or at the option of any other party. Only highly sensitive commercial or competitive information, such as client and contact identities, marketing plans and cost/pricing/profit information, believed to be unknown or unavailable to the public, may be designated as "Confidential – Attorneys' Eyes Only" Such designation must be made in good faith and is to be made either by stamping or otherwise inscribing the words "Confidential" or "Confidential – Attorneys' Eyes Only" or by stating in writing that that group of documents is to be treated as confidential. "Confidential Document(s)" shall also mean any document(s) produced by any third party in connection with these proceedings.

6. No party receiving Confidential Documents and/or Confidential Communications (the term "party," as used in this paragraph, includes a party's agents, consultants, experts, deponents, witnesses and attorneys) shall make use of any Confidential Document and/or Confidential Communication, or any information contained in a Confidential Document or Confidential Communication, for any purposes whatsoever other than the prosecution or defense of this action; nor shall any Confidential Document or Confidential Communication, or any information contained therein, be disclosed by any such party except as provided in this Order.

7. Except with the prior written consent of the party requesting confidential treatment, no document or communication designated as "Confidential" and no information contained in Confidential Communications or Documents designated as "Confidential" may be disclosed to any person other than the following:

    a. Counsel for any party in this action or persons regularly employed in the offices of such counsel. Such counsel will include both in-house legal staff and

outside counsel in the case of the corporations, or other entities, that are parties to this action.

  b. Any party in this action, and any past, present or future officers and employees of any party in this action, who is engaged in assisting counsel for that party in the prosecution or defense of this action.

  c. Persons who saw or heard or had access to such Confidential Documents and/or Confidential Communications prior to adoption of this Order.

  d. Experts retained by the parties or potential witnesses with whom counsel for such parties determine it is necessary to confer in the prosecution or defense of any claim in this action.

  e. Persons noticed for depositions, designated as trial witnesses in a pre-trial stipulation and their counsel to the extent deemed necessary by counsel for any of the parties to prepare such witnesses.

  f. Third parties employed by a party or its counsel, or by the court, in a litigation support capacity to review, organize, encode, copy or retrieve documents produced in this action.

  g. Deposition and trial court reporters, judges, jurors, and third parties lawfully attending trial or reviewing motions filed with the Court.

  h. Any other person as to whom the parties and/or the non-producing party agree in writing.

8. No information contained in Confidential Communications or Documents designated as "Confidential – Attorneys' Eyes Only" may be disclosed to any person other than the following:

   a. The Court and necessary Court Personnel.

   b. Counsel for any party in this action or persons regularly employed in the offices of such counsel. Such counsel will include both in-house legal staff and outside counsel in the case of the corporations, or other entities, that are parties to this action.

   c. Persons who saw or heard or had access to such Confidential Documents and/or Confidential Communications prior to adoption of this Order.

   d. Experts retained by the parties or potential witnesses with whom counsel for such parties determine it is necessary to confer in the prosecution or defense of any claim in this action.

   e. Persons noticed for depositions, designated as trial witnesses in a pre-trial stipulation and their counsel to the extent deemed necessary by counsel for any of the parties to prepare such witnesses.

   f. Third parties employed by a party or its counsel, or by the court, in a litigation support capacity to review, organize, encode, copy or retrieve documents produced in this action.

   g. Deposition and trial court reporters, judges, jurors, and third parties lawfully attending trial or reviewing motions filed with the Court.

   h. Any other person as to whom the parties and/or the non-producing party agree in writing.

9. Except for persons identified in Paragraphs 6(a) and 6(g) above, no person authorized under the provisions of this Order to receive access to Confidential Documents and/or Confidential Communications shall be granted access rights to them unless and until such person has read this Order and agrees to be bound by the terms herein.

10. All pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents which quote or attach a copy of information designated by a party under this Order, shall, if filed with the Court, be filed as follows: (1) a redacted copy shall be filed with the Court; (2) or an unredacted copy shall be filed under seal in accordance with the procedures set forth by the Clerk of Court.

11. In the event that Counsel is served with or otherwise subject to legal process (including subpoena) requiring any of him/her to testify about, produce or otherwise divulge Confidential Documents and/or Confidential Communications, the person subject to such process will immediately inform the signatories to this Order, will provide the signatories with a copy of such subpoena or process, will assert all applicable privileges and objections with respect to such requests for Confidential Documents and/or Confidential Communications, will not waive any such privilege or objection without the consent of the Party from whom such Confidential Documents and/or Confidential Communications originated, and will make every other reasonable and lawful effort to prevent or limit discovery of the Confidential Documents and/or Confidential Communications information.

12. Whenever a party objects to the designation of a document or portion of a deposition transcript[1] as confidential, it may so notify opposing counsel, in writing, setting forth the reasons supporting such objection. Such opposing counsel shall respond in writing to any such

---

[1] A statement on the record at a deposition shall also be sufficient.

notification by either: (i) withdrawing such classification with respect to such confidential information; or (ii) stating that it refuses to do so and the reasons for its refusal. Upon receipt of such a notification of refusal, if an agreement as to the classification as confidential cannot be reached by the parties, application may be made to the Court for an order approving the classification of the particular confidential information in question by the party requesting that the document be maintained as confidential. Until the issue is finally determined by the Court, or in the event of an immediate interlocutory appeal, upon determination of such appeal, the documents shall be given the confidential treatment initially assigned to it as provided for this Order.

13. At the conclusion of this action, all data designated as confidential and copies thereof, in the possession or under the control of any party or officer or employee thereof, counsel retained by such party, retained expert or other person described in Paragraph 6 of this Order shall be destroyed promptly or returned to counsel for the producing party that designated the information as confidential, unless otherwise specifically agreed in writing by the producing party. Upon the request of counsel for the party designating the documents or information as confidential, counsel shall provide a letter affirming compliance with the requirements of this Paragraph. Copying costs paid to the producing party for documents will be reimbursed if the producing party requests their return.

14. In the event that third parties produce documents or information in connection with these proceedings, the parties to these proceedings agree that production of such documents or information shall be made subject to the provisions of this Order, and that the third parties producing such documents or information shall be treated as producing parties within the terms of this Order.

15. Inadvertent production of any discovery material which a party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Discovery Material"), will not be deemed to have waived any privilege. A party may request the return of any Inadvertently Produced Privileged Discovery Material. A request for the return of Inadvertently Produced Privileged Discovery Material shall identify the discovery material inadvertently produced and the basis for withholding such discovery material from production. If a party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Discovery Material then in the custody of another party, such discovery material (and all copies thereof) promptly shall be returned to the requesting party. The party returning such discovery material may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production or waiver of the privilege.

16. The Court may modify the terms of this Agreement at any time and upon mutual agreement of the parties, or upon motion of any party to this action and for good cause shown.

17. Nothing in this Order shall affect any privilege or right that any party might otherwise have against the discovery of any materials sought by any other party. Notwithstanding this Order, any party may move for an order imposing additional restrictions upon discovery of documents or other material, including but not limited to, an order that production thereof not be had. Notwithstanding this Order, nothing herein is meant to limit the parties' use of any Confidential Documents and/or Confidential Communications at trial, subject to the evidentiary rules.

18. Nothing in this Order shall prevent any party from using its own Confidential Information in the ordinary course of its business or for any other purpose.

19. The parties have read and understand the terms and conditions contained in this Order and agree to be bound by all of its terms and conditions. The parties further understand that the intentional violation of any of the terms of the Order may be considered to be an act in contempt of Court and may be punishable as such.

The foregoing is hereby approved by the Court as a Confidentiality Order pursuant to Federal Rule of Civil Procedure 26(c)

DONE AND ORDERED.

Signed: February 24, 2015

David C. Keesler
United States Magistrate Judge

COPIES TO ALL COUNSEL OF RECORD