## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.  3:13-CV-687-MOC-DCK

| | | |
|---|---|---|
| **GRAYSON O COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **AGADIR INTERNATIONAL LLC,** | ) | |
| | ) | |
| **Defendant**. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff Grayson O Company's Motion To Compel Production of Documents Under Fed. R. Civ. P. 37" (Document No. 32) filed June 18, 2015.  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion in part, and deny the motion in part.

### BACKGROUND

Plaintiff Grayson O Company ("Plaintiff" or "Grayson O") initiated this action with the filing of a "Complaint" on December 13, 2013.  (Document No. 1).  Defendant Agadir International LLC ("Defendant" or "Agadir") filed its "Answer And Affirmative Defenses" (Document No. 12) on May 27, 2014.  The Complaint asserts causes of action for:  (1) federal trademark infringement / unfair competition;  (2) North Carolina unfair and deceptive trade practices;  (3) North Carolina common law trademark infringement;  and (4) North Carolina common law unfair competition.  (Document No. 1, pp.4-6).

The Court entered its "Pretrial Order And Case Management Plan" (Document No. 18) on July 1, 2014. The Case Management Order, *inter alia*, set the following deadlines: discovery completion – February 20, 2015; ADR report – February 20, 2015; dispositive motions – March 20, 2015; and trial – August 17, 2015. (Document No. 18).

Plaintiff filed a revised "… Consent Motion To Extend The Deadlines For Expert Witness Reports, Discovery, Mediation And Dispositive Motions" (Document No. 24) on February 19, 2015. The undersigned issued an "Order" (Document No. 27) granting, with modification, the extension on February 24, 2015. The case deadlines were re-set as follows: discovery completion – June 26, 2015; mediation report – July 10, 2015; dispositive motions – July 20, 2015; and trial – October 19, 2015. (Document No. 27, p.2).

"Plaintiff Grayson O Company's Motion To Compel …" (Document No. 32) and "Plaintiff's Memorandum Of Law In Support Of Motion To Compel Production" (Document No. 33) were filed on June 18, 2015. The pending motion seeks "an Order compelling Defendant Agadir International LLC ("Agadir") to produce documents responsive to Document Request Nos. 1, 2, 9 and 20, contained in Grayson O's First Request for Documents and Things." (Document No. 32). "Defendant's Response In Opposition To Motion To Compel Production Of Documents" (Document No. 41) was filed July 6, 2015; and "Grayson O's Reply …" (Document No. 42) was filed on July 9, 2015. The pending motion is now ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject

matter involved in the action. Relevant information need not be
admissible at the trial if the discovery appears reasonably calculated
to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction.

See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507

(1947). However, a court may "issue an order to protect a party or person from annoyance,

embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad

discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th

Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v.

Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial

discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d

1134, 1139 (4th Cir. 1986) (same).

**DISCUSSION**

Plaintiff served Defendant with its "…First Request For Production Of Documents And

Things" (Document No. 33-1) and "…First Set of Interrogatories To Defendant" (Document No.

33-2) on or about August 26, 2014. (Document No. 33, p.4). Defendant provided responses on

October 29, 2014. Id. see also, (Document Nos. 34 and 38).

Plaintiff now contends that Defendant "*only produced 10 pages of documents*" in contrast

to Plaintiff's production of "over 1500 pages of documents." (Document No. 33, pp.2). Plaintiff

notes that Defendant promised "*to produce all non-privileged documents*" relating to, inter alia,

Grayson O's document request Nos. 1, 2, 9, and 20" . . .but "produced nothing" until April 23,

2015. (Document No. 33, pp.6-7). At that time, Defendant allegedly produced only *some*

documents responsive to *some* discovery requests. (Document No. 33, p.7). Plaintiff further notes

that Defendant "has *not* produced a privilege log." (Document No. 33, p.2, n.2).

"Plaintiff's Memorandum…" incorporates the underlying document requests and

Defendant's responses. (Document No. 33, pp.4-5). The undersigned will include those requests

and responses below, along with a brief analysis of what further production, if any, is required.

**Document Request No. 1**

> 1.      All documents that reflect, refer to, relate to or evidence the conception or creation of Defendant's marks 450ºand 450º PLUS.
>
> **Response:  Defendant objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the work-product doctrine.  Subject to, and without waiving the foregoing general and specific objections, *Defendant agrees to produce all non-privileged documents* relating to the conception or creation of the use of terms 450º and 450º PLUS with Defendant's marks.**

(Document No. 33, p.4).

In response to the pending motion, Defendant asserts that it has "produced color images of

the first two products that it 'conceptualized' when it created the Heat Shield and Hair Shield

product bearing 450° on the labels." (Document No. 41, p.5). Defendant further agrees to produce

"color copies of all its product labels, and color copies of all of its products, bearing 450° on the

labels," and to conduct "an additional search for internal or external communications with respect

to the design and production of its labels bearing 450°."

Plaintiff's "…Reply…" characterizes Defendant's "argument" regarding this request, and

the other subject requests, as objections that are now untimely. (Document No. 42, p.6). However,

Plaintiff fails to indicate whether Defendant's proposed supplementary response is adequate. Id.

Instead, Plaintiff simply states that Defendant "should produce all relevant non-privileged

documents." Id.

Under the circumstances, the undersigned directs Defendant to produce high resolution copies of all its product labels and products bearing 450°, and any responsive internal or external communications, as soon as possible. To the extent Defendant has responsive documents it contends are privileged, it shall provide Plaintiff with an appropriate privilege log.

**Document Request No. 2**

> 2. All documents that reflect, refer, relate to or evidence the selection or adoption by Defendant of the marks 450º and 450º PLUS.
>
> **Response: Defendant objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the work-product doctrine. Subject to, and without waiving the foregoing general and specific objections, *Defendant agrees to produce all non-privileged documents relating to the selection or adoption by Defendant of the terms 450º and 450º PLUS with Defendant's marks.***

(Document No. 33, p.5).

Defendant contends that Document Request No. 2 is virtually identical to Document Request No. 1, and incorporates its previous argument. (Document No. 41, p.5). Plaintiff declines to specifically address Defendant's "argument" regarding Document Request No. 2. (Document No. 42).

Based on the foregoing, the undersigned directs Defendant to supplement its response to this Document Request No. 2. To the extent Defendant has responsive documents it contends are privileged, it shall provide Plaintiff with an appropriate privilege log.

**Document Request No. 9**

> 9. All documents that reflect, refer to, relate to or evidence any advertising agency or public relations firm activities, completed or planned, for goods and/or services offered or to be offered under Defendant's marks 450º and 405º PLUS.

**Response: Defendant objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, commercially sensitive, and/or proprietary information. Subject to, and without waiving the foregoing general and specific objections, and upon entry of a mutually agreeable confidentiality order,** *Defendant agrees to produce all non-privileged documents* **relating to any advertising agency or public relations firm activities, completed or planned, for goods and/or services offered or to be offered using the terms 450º and 450º PLUS in connection with Defendant's marks.**

(Document No. 33, p.5).

Defendant asserts that Plaintiff's motion should be denied as it relates to Document Request No. 9. (Document No. 41, p.6). Defendant now contends that Plaintiff has not bothered "explaining why such documents are even relevant," however, Defendant's original response included above did not object based on relevance. Id.

Defendant notes that it has produced "three tables listing its advertisements in years 2013, 2014, and 2015, showing that Agadir advertised in 32 issues across 8 periodicals in 2013, 27 issues across 9 periodicals in 2014, and in 26 issues across 6 periodicals in 2014," and has "produced three color copies of advertisements it ran in those periodicals." Id.

In reply, Plaintiff suggests that Document Request No. 9 includes "[a]dvertising and public relations activities," as well as "*communications* between Agadir and its third party advertisers, such as periodical editors and tradeshow promoters." (Document No. 42, pp.6-7).

The undersigned agrees with Defendant that Document Request No. 9 specifically addresses "advertising agency or public relation firm activities," not Plaintiff's current and broader demand for documents related to advertising and public relations. However, the undersigned is not persuaded that Defendant's tables listing advertisements and three copies of advertisements is an adequate response, even to a narrower reading of the request.

As such, the undersigned directs Defendant to supplement its response to include documents related to advertising agency and/or public relation firm activities. To the extent Defendant has responsive documents that it contends are privileged, it shall provide Plaintiff with redacted versions of those documents, and/or provide Plaintiff with an appropriate privilege log.

**Document Request No. 20**

> 20.    Produce all documents which identify the channels of trade through which Defendant offers goods or services or intends to offer goods or services in connection with 450º and 450º PLUS marks.
>
> **Response:  Defendant objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the work-product doctrine.  Defendant further objects to this Request to the extent it seeks confidential, commercially sensitive, and/or proprietary information. Defendant also objects to the production of documents relating to any commercial conduct that it "intends" to conduct in the future but is not in fact conducting as of this date as such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving the foregoing general and specific objections, and upon entry of a mutually agreeable confidentiality order, *Defendant agrees to produce all non-privileged documents* relating to the channels of trade through which Defendant offers goods or services in connection with any products using the terms 450º and 450º PLUS.**

(Document No. 33, p.5).

Defendant also argues that the pending motion should be denied as to Document Request No. 20.  (Document No. 41, pp.7-8).  Defendant specifically asserts that it provided Plaintiff with a spreadsheet identifying the geographic regions where its products are sold and explained that it sells its products through distributors who primarily distribute its products to hair salons within their geographic regions.  (Document No. 41, p.7).

Plaintiff's "…Reply…" fails to elaborate on the additional information it seeks related to Document Request No. 20.  (Document No. 42).  However, the undersigned is persuaded that

Defendant's spreadsheet alone is unlikely to be an adequate response to this request seeking documents that "identify channels of trade…." Plaintiff is directed to supplement its response as appropriate, and to provide a privilege log regarding responsive documents it contends are privileged. Plaintiff is not required to provide documents regarding where it "intends" to offer goods or services.

The undersigned directs Defendant to immediately supplement its discovery responses as it is able, including complying with the specific directions herein. In addition, Defendant shall provide a privilege log(s), and if appropriate, additional written explanations for any incomplete responses. At this time, the Court will deny without prejudice Plaintiff's requests for hard drives and for expenses associated with the pending motion. Plaintiff may renew such requests at a later date if Defendant fails to comply with this Order.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff Grayson O Company's Motion To Compel Production of Documents Under Fed. R. Civ. P. 37" (Document No. 32) is **GRANTED in part and DENIED in part**, as described herein.

**IT IS FURTHER ORDERED** that Defendant shall supplement its responses as directed above, on or before **August 31, 2015**.

**SO ORDERED**.

Signed: August 19, 2015

David C. Keesler
United States Magistrate Judge